**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3306
_____

UNITED STATES OF AMERICA,

v.

TERIEK EDWARDS,
Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 2-19-cr-00111-001)
District Judge:  Honorable John M. Vazquez
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 9, 2024

Before: MATEY, MONTGOMERY-REEVES, and ROTH, *Circuit Judges*.

(Opinion filed: September 4, 2024)
_____

OPINION[*]
_____

MONTGOMERY-REEVES, *Circuit Judge.*

In this appeal, Teriek Edwards challenges his conviction and sentence relating to

various charges of possession of drugs, a firearm, and ammunition.  Edwards argues that

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

the District Court improperly denied his motions for a new trial and for a judgment of acquittal based on the Government's suppression of impeachment materials. Because Edwards effectively used the impeachment evidence at trial, he suffered no prejudice by the tardy disclosure. As such, we will affirm.

## I. BACKGROUND

In 2018, officers found narcotics on Edwards while arresting him. Afterward, officers put Edwards into a police vehicle. Upon arrival at the police station, a handgun fell from Edwards's pants leg onto the floor of the vehicle. Edwards was charged with various offenses relating to his possession of drugs, a firearm, and ammunition.

During his trial on these charges, an officer gave impeachment testimony that had not been disclosed and that was inconsistent with the testimony of another officer. Officer Eugene Tolliver testified that after he heard "a noise, like something dropped[;]" he observed a loaded firearm on the floorboard of his police car; and Edwards said, "That's not mine." App. 197. Officer Kemon Lee did not testify that Edwards made this statement. The statement also did not appear in the police reports or Tolliver's affidavit of probable cause against Edwards, nor was it produced upon Edwards's request for all impeachment materials before trial.

Edwards moved for mistrial, arguing that he was prejudiced by the Government's failure to timely disclose the impeachment materials in violation of *Giglio v. United States*, 405 U.S. 150 (1972). The District Court denied the application for a mistrial, holding that Edwards suffered no prejudice by the tardy disclosure because he was able to effectively use the evidence during trial. A jury found Edwards guilty of all charges, and

2

the District Court sentenced Edwards to three concurrent sentences of 33 months' imprisonment, followed by a consecutive sentence of 60 months' imprisonment.

## II. DISCUSSION[1]

Edwards argues that the District Court erred by denying his motions for a new trial and for a judgment of acquittal based on the Government's failure to disclose impeachment materials before trial.

The Fifth Amendment to the United States Constitution provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. Under *Brady v. Maryland*, 373 U.S. 83 (1963), "the prosecution's suppression of evidence favorable to a criminal defendant violates due process when the evidence is material to guilt or punishment." *United States v. Risha*, 445 F.3d 298, 303 (3d Cir. 2006) (citing 373 U.S. at 87). In *Giglio*, the Supreme Court extended *Brady's* holding to include "evidence affecting credibility" when "the 'reliability of a given witness may well be determinative of guilt or innocence.'" *Giglio v. U.S.,* 405 U.S. 150, 154 (1972). Where the government makes *Brady* evidence available during the course of a trial in such a way that a defendant is able effectively to use it, due process is not violated and *Brady* is not contravened.'" *U.S. v. Fallon*, 61 F.4th 95, 123 (3d Cir. 2023) (quoting *United States v. Johnson*, 816 F.2d 918, 924 (3d Cir. 1987)). Thus, we must

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. This Court reviews *Brady* violations "de novo for conclusions of law[] but applies a clearly erroneous standard to findings of fact." *United States v. Fallon*, 61 F.4th 95, 122 (3d Cir. 2023).

consider whether Edwards was "able to use the material and suffered prejudice from an untimely disclosure." *Id*.

Edwards argues that the delayed disclosure prevented him from developing a contradictory set of factual observations and occurrences, which prejudiced his defense. Not so. Defense counsel cross-examined Tolliver about the omission in the arrest report and affidavit of probable cause. And defense counsel spoke to the inconsistency during closing argument. Further, the District Court offered to allow Edwards to reexamine Lee, but Edwards declined. And Edwards's other arguments that counsel would have generally used an alternative trial strategy or opted to challenge the evidence in an *in limine* motion (as opposed to an objection, motion to strike or for mistrial) are unavailing. Thus, while the evidence was disclosed late, Edwards was still able to effectively use the evidence during trial and was not prejudiced by the late disclosure. *Johnson*, 816 F.2d at 924 (holding the appellant was not prejudiced by the tardy disclosure of fingerprint reports because the reports were disclosed before cross-examination took place and utilized by the appellant in their own arguments, and the district court precluded expert testimony on the report's significance to minimize possible unfairness to the appellant).[2] Because Edwards has not demonstrated prejudice from the delayed disclosure, and

---

[2] *See also United States v. Higgs*, 713 F.2d 39, 44 (3d Cir. 1983) ("The *Brady* material in this case was information that appellees could use on cross-examination to challenge the credibility of government witnesses. For that type of material, we think appellees' right to a fair trial will be fully protected if disclosure is made the day that the witness testifies.").

because he was able to make effective use of the disclosed materials, his *Giglio* argument fails.

## III.    CONCLUSION

For the reasons discussed above, we will affirm the judgment of the District Court.